**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2125-WJM

JULIUS JONES,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO THE COMMISSIONER FOR REHEARING**

---

    This social security benefits appeal is before the Court under 42 U.S.C. § 405(g). Plaintiff Julius Lennard Jones ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for a period of disability and disability insurance benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). Plaintiff filed a request for review of the ALJ's decision with the Appeals Council, which determined that there was no basis for changing the ALJ's decision. This appeal followed.

    For the reasons set forth below, the ALJ's decision denying Plaintiff's application for Social Security disability benefits is reversed and the case is remanded to the Commissioner for rehearing.

## I. BACKGROUND[1]

Plaintiff was born on June 17, 1970, and was 38 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 11) at 10, 626.) Plaintiff is a high school graduate and has an Associate's Degree. (R. at 14.) Plaintiff has past work experience as a teacher's aide, shuttle bus driver, delivery driver, residential treatment facility counselor, hospital housekeeping aide, parking lot attendant, and filing clerk. (R. at 17.)

In July 2004, Plaintiff was injured while working as a housekeeping aide at the Veterans' Affairs ("VA") Hospital, and was placed on "light duty" as a parking attendant and a file clerk due to his physical limitations. (R. at 17, 43-44.) Plaintiff began treatment with Dr. Perry Haney, M.D., a specialist at SpineOne in Lone Tree, Colorado, on August 3, 2004. (R. 626.) Dr. Haney diagnosed Plaintiff with chronic cervical strain and degenerative disc disease. (R. at 586-89, 592.) Plaintiff continued to work in "light duty" positions until his eventual removal from his position as a housekeeping aide on October 29, 2008, because of his "inability to perform critical duties of his position due to permanent physical limitations." (R. at 208.)

Plaintiff filed an application for disability insurance benefits on March 25, 2009, alleging that he had been disabled since October 29, 2008 due to several impairments, including degenerative disc disease, left ankle degenerative joint disease, and bilateral plantar fasciitis. (R. at 10, 12.) Plaintiff's application for benefits was initially denied on

---

[1] The following background focuses only on the elements of Plaintiff's medical history that are relevant to the Court's analysis, *i.e.*, Plaintiff's degenerative disc disease and foot/ankle impairments. The Court omits all discussion of Plaintiff's mental health and other impairments.

June 16, 2009. (R. at 10.) After requesting a hearing, Plaintiff's claims were heard by ALJ Paul Conaway on December 17, 2010. (*Id.*) Plaintiff was the sole witness providing testimony at the administrative hearing. (*Id.*) Medical evidence and opinions were provided by Dr. Haney, Plaintiff's VA physicians, and several others. (R. at 14-16.)

At the hearing before the ALJ, Plaintiff testified that he was limited to standing or walking each for 15 minutes at a time, for a maximum of four hours per day, could sit no more than 40 minutes at a time for a total of six hours per day, could lift no more than 5 to 10 pounds, and took a walking break of 15 minutes every hour. (R. at 45-53.) Plaintiff also testified that when he took these walking breaks while in his "light duty" position as a parking attendant, the parking booth was unmanned, and that the booth remains unmanned since he left the position. (R. at 45.) When the ALJ inquired about this, Plaintiff explained that "they just wanted me there just to say that I'm earning a paycheck basically". (*Id.*) The ALJ asked Plaintiff if he could perform the parking attendant and file clerk positions if they were still available to him, and Plaintiff agreed that he could. (R. at 48.)

On March 28, 2011, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2] At step one, the ALJ found

---

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

that Plaintiff had not engaged in substantial gainful activity since October 29, 2008, the alleged onset date. (R. at 12.) At step two, he found that Plaintiff suffered from several severe impairments, including degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of both ankles, and bilateral plantar fasciitis. (*Id.*) At step three, the ALJ found that Plaintiff's conditions did not meet any of the impairments or combination of impairments listed in the social security regulations. (R. at 13.) The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that he had the RFC to perform sedentary work as defined by the regulations, except that he could lift a maximum of 5 to 10 pounds, could walk or stand 15 minutes at a time, for a maximum of four hours per day, and sit 40 minutes at a time, for a maximum of six hours per day. (*Id.*) Given this RFC, at step four the ALJ found that Plaintiff could perform his past work as a parking attendant and filing clerk as it was actually performed. (R. at 17.) In making this determination, the ALJ relied upon Plaintiff's testimony stating that he could still perform those positions if they were available. (R. at 17, 48.) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act, and did not proceed to step five. (R. at 18.)

The Appeals Council denied Plaintiff's request for review on June 28, 2012. (R. at 1.) Thus, the ALJ's March 28, 2011 decision is the final decision of the Commissioner for purposes of review. (*Id.*)

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision on Plaintiff's entitlement to disability benefits to determine whether substantial evidence in the record as a whole

4

supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. ANALYSIS

On appeal, Plaintiff raises three arguments: (1) the ALJ failed to take into account Plaintiff's need for 15-minute walking breaks in formulating Plaintiff's RFC; (2) the ALJ improperly weighed Dr. Haney's medical opinion; and (3) the ALJ erred at step four in finding that Plaintiff's "light duty" jobs were past relevant work to which he could return. (ECF No. 16 at 13-18.) As the Court finds the step four argument dispositive, it will address this argument first.

**A.     Step Four**

Plaintiff contends that the ALJ erred in his determination at step four that Plaintiff could return to his prior positions as a parking attendant and filing clerk, because the evidence suggested that neither position was "past relevant work". (ECF No. 16 at 16.)

The ALJ's analysis at step four relies upon Plaintiff's own testimony that he was able to perform these positions and that they did not require him to perform activities precluded by his limitations. (R. at 17.) The ALJ found that, although these positions were "light duty" alternative positions, "clearly he had substantial duties in these jobs and performed them as substantial gainful activity. Therefore, [Plaintiff]'s jobs of parking lot attendant and file clerk are considered past relevant work that [Plaintiff] admitted he was capable of performing." (*Id.*)

"A step four determination may be based on the claimant's ability to return either to a previous occupation as it is typically performed . . . or to a particular past job" as he performed it. *Long v. Shalala*, 9 F.3d 117 (10th Cir. 1993). Here, based upon Plaintiff's testimony, the ALJ found him capable of performing "both of his past jobs as parking garage attendant and filing clerk, as he actually performed the jobs. . . . Based on this evidence alone, [Plaintiff] " (R. at 17.) That is, the ALJ found that Plaintiff was not disabled because he agreed that he could perform those positions as he previously performed them, with a 15-minute walking break every hour.[3] (R. at 48.)

Plaintiff's argument cites 20 C.F.R. § 404.1573(c), which indicates that work done under "special conditions" that take impairments into account may not be "substantial gainful activity" that would be considered "past relevant work" for the purposes of the step four analysis. (ECF No. 16 at 16-17.) Under § 404.1573(c),

---

[3] Because the ALJ found Plaintiff capable of performing these jobs as actually performed, the Court need not resolve the parties' dispute over whether Plaintiff admitted that he could perform his past "light duty" work if he were permitted only to stand, and not to walk, for his hourly 15-minute breaks. (*See* ECF No. 16 at 18; ECF No. 17 at 16.) Whether Plaintiff required such breaks is irrelevant for the purposes of the decision the ALJ made here, because Plaintiff took those breaks when he actually performed the jobs in question.

examples of such "special conditions" include situations in which "[y]ou were allowed to work irregular hours or take frequent rest periods", "[y]ou were permitted to work at a lower standard of productivity or efficiency than other employees", or "[y]ou were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare." 20 C.F.R. § 404.1573(c)(2), (5), (6).

Plaintiff argues that his "light duty" positions as a parking attendant and file clerk were performed with "special conditions," in that he was permitted to take frequent 15-minute walking breaks (one per hour), he was operating at a lower standard of efficiency than another employee in the same position because he was not working for 15 minutes out of every hour, and he was given these positions "just to say that I'm earning a paycheck basically". (R. at 45; ECF No. 16 at 16-18.) Indeed, the ALJ had a brief dialogue with Plaintiff in which the ALJ expressed surprise after Plaintiff mentioned that no one is currently performing the parking attendant position. (*See* R. at 45.) This indicates that the ALJ was aware of evidence that the parking attendant position was a gratuitous placement.

Prior to the step four decision that Plaintiff was not disabled because of his admitted ability to return to his "light duty" positions, the ALJ was required to make a finding that Plaintiff's "light duty" positions constituted "past relevant work" to which he was capable of returning. The ALJ's opinion states only that because Plaintiff "clearly . . . had substantial duties in these jobs", Plaintiff "performed them as substantial gainful activity", and therefore they were "past relevant work". (R. at 17.) However, the ALJ

ignored the indications in Plaintiff's testimony that his "light duty" positions potentially presented three of the six examples of "special conditions" described in § 404.1573(c). (*See* R. at 45.)

Where there is evidence that a position to which Plaintiff has been found capable of returning may have been performed under "special conditions", the ALJ has a duty to develop the record before him in order to adequately address the issue in his decision. *See Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1043 (2d Cir. 1984) (finding it immaterial that the plaintiff did not present the ALJ with "definitive evidence" that a particular regulation applied to her, because she "appeared without counsel, and the ALJ thus had a duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" (internal quotation marks omitted)); *see also Martinez v. Astrue*, 2012 WL 1045230 (D. Colo. Mar. 28, 2012) (where the plaintiff presented evidence that she worked fewer hours with fewer or easier duties than other employees, indicating that she worked under special conditions, "[t]he ALJ's failure to conduct any fact finding on this issue or address the issue in his decision was legal error that must be addressed on remand.").

Pursuant to § 404.1573(c), the ALJ here should have developed the record sufficiently to make a determination of whether Plaintiff's "light duty" positions were in fact performed under special conditions such that they would not constitute "substantial gainful activity" or "past relevant work". Further, even where work is done under "special conditions", under certain circumstances that work "may show that you have the necessary skills and ability to work at the substantial gainful activity level." 20

C.F.R. § 404.1573(c). Therefore, even if the ALJ determines that Plaintiff's work was performed under "special conditions", he must also determine whether that work nevertheless demonstrates Plaintiff's ability to perform at the level indicated in the RFC. The ALJ's statement that Plaintiff had "substantial duties" in his "light duty" positions does not dispose of the requirement for such an analysis, particularly given Plaintiff's testimony before the ALJ and the great weight the ALJ gave to that testimony in making his findings.

Because this error affected the key analytical basis for the ALJ's decision at step four, and the ALJ made no subsequent determination of whether Plaintiff could perform any other past work or whether his RFC precluded any other work, the error was not harmless, and the Court finds that it requires remanding the case to the Commissioner for rehearing. *See* 42 U.S.C. § 405(g).

**B.     Other Arguments**

Plaintiff raises additional issues related to the sufficiency of the underlying proceedings before the ALJ. Because the Court finds that the ALJ's error at step four alone requires remand, the Court need not address the other arguments Plaintiff raises. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the error affected the analysis as a whole, court declined to address other issues raised on appeal).

However, in order to avoid similar errors on remand, the Court will briefly discuss Plaintiff's argument regarding the opinion of treating physician Dr. Haney. The opinion of a treating physician is generally "entitled to great weight because it reflects expert judgment based on continuing observation of a patient's condition over a prolonged

9

period of time." *Williams v. Chater*, 923 F. Supp. 1373, 1379 (D. Kan. 1996). Indeed, a treating source opinion merits controlling weight, as long as: (1) "the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "the opinion is consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (citing 20 C.F.R. §§ 404.1527, 416.927). If the ALJ finds that the opinion does not merit controlling weight because one of these two requirements is lacking, the ALJ must then determine what weight, if any, the opinion deserves, considering six factors that include the length, nature, and extent of the treatment relationship, the physician's specialization, and the consistency between the physician's opinion and the record as a whole. *Id.* at 1301.

In the instant case, the ALJ does not discuss what weight he assigns to Dr. Haney's opinion, nor does he discuss any of the requisite factors except to suggest that Dr. Haney's opinion of Plaintiff's RFC is inconsistent with the record, including Plaintiff's own testimony with regard to his limitations. (R. at 16.) This suggests that Dr. Haney's medical opinion was not properly weighed. Furthermore, upon examination of that medical opinion, the ALJ appears to have misread a key portion of it. The ALJ's opinion states that Dr. Haney indicated Plaintiff "was able to sit a total of 0 to 1 hour, walk a total of 0 to 30 minutes, and stand a total of 0 to 30 minutes" (R. at 16), while in fact Dr. Haney's RFC form reads: "Sitting . . . 0>1 hr @ time", "Walking . . . 0>30 min @ time", and "Standing . . . 0>30 min @ time". (R. at 427.) Although it is not completely clear, Dr. Haney's opinion appears to state that Plaintiff can walk or stand not a *total* of 30 minutes, but rather up to 30 minutes *at a time*, and similarly can sit up to one hour *at*

*a time*.  Rather than being contradicted by Plaintiff's testimony of his limitations, which were largely incorporated into the RFC, these limitations in fact closely align with his testimony.  (R. at 50-51.)

The Court will not speculate on the weight the ALJ would have given to the opinion in question had it been read correctly or properly weighed, nor will the Court "substitute its judgment for that of the agency."  *See Salazar*, 468 F.3d at 621.  Nevertheless, a medical opinion from a treating physician—which generally merits controlling weight—must be thoroughly evaluated in accordance with case law and Social Security regulations, and if it is to be rejected, such rejection must follow an analysis of the requisite factors.  *See Watkins*, 350 F.3d at 1301 (holding that where a treating physician's medical opinion is found not to be controlling, the ALJ must "give good reasons" for the weight to be assigned to it, and "if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.") (internal citations omitted); 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling (SSR) 96–2p, 1996 WL 374188, at *4.

The Court expresses no opinion as to the remainder of Plaintiff's arguments, and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  It is entirely possible that, after fully considering the evidence, the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled under the Act.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## III.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 27th day of August, 2013.

BY THE COURT:

William J. Martinez
United States District Judge